IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILL FINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-53-SMY-RJD |
| | ) |
| ALFONSO DAVID, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly (Doc. 69), recommending that the Court grant Defendant Dennison's motion for summary judgment on the issue of exhaustion (Doc. 51) and grant in part and deny in part Defendants McGhee, Woods, LeCrone, David, and Wexford's motion for summary judgment based on Plaintiff's failure to exhaust. Plaintiff filed a timely objection (Doc. 70) and Defendant Dennison filed a response to Plaintiff's objection (Doc. 71). For the following reasons, the Court **ADOPTS** the Report and Recommendation in its entirety.

## BACKGROUND

Plaintiff Billy Finney, an inmate at Shawnee Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Specifically, during March and April 2016, Finney sought treatment from the Health Care Unit for a "mass" on his head. The staff at Shawnee allegedly refused to treat the mass. Finney was taken to Carbondale Memorial Hospital on June 2, 2016 for a bronchoscopy. While there, the doctors examined the mass, determined that Finney needed to be operated on, and admitted him to the hospital.

Plaintiff alleges that because of Defendants' actions, infection from the mass spread to his skull, and as a result, the doctors had to operate on June 7, 2016 to remove the mass and install a metal plate in his skull.

Defendants move for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff argues that he exhausted his administrative remedies against the defendants by filing multiple grievances. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly conducted an evidentiary hearing on Defendants' motions.

During the hearing, Judge Daly considered the six relevant grievances in the record before the Court. In the first one, dated March 28, 2016, Plaintiff claims he is housed in the Health Care Unit, that he has a huge knot on the back of his head, and that the pain from the knot is unbearable. He alleges that he asked Dr. Alfonso David to drain the knot, but Dr. David refused and said it was fat tissue. There is no indication that this grievance was ever received by IDOC, and no evidence of any further action with regard to the grievance.

Plaintiff's grievance dated April 19, 2016 pertains to his claim that the knot on his head is getting bigger and he can't sleep or lay on the right side of his head. He asserts that the pain is unbearable. Plaintiff references speaking to Dr. David about it and that a grievance was filed on March 28, 2016, but he did not receive a response. He again requests to have the knot drained. There is no indication that this grievance was ever received by IDOC, and no evidence of any further action with regard to the grievance.

In his May 5, 2016 grievance, Plaintiff explained that he has a knot on his head that has been there for two months and is filled with fluid. He claims he has asked several times to have Dr. David drain it, and Dr. David has refused. He states that he spoke with the Director of

Nursing in the Health Care Unit and Warden Etienne, and was told to file a grievance. Plaintiff also states that when he explained the knot to his pulmonologist at Carbondale Memorial, the doctor told him that it needed to be drained and that he needed an MRI or CT scan to determine why the fluid was there. Plaintiff passed along the message from the pulmonologist to Dr. David. Dr. David again said it was fat tissue and refused to drain it. This grievance was submitted as an emergency on May 5, 2016. On May 29, 2016, Jeffrey Dennison denied that the grievance was an emergency, and the grievance was sent to a counselor. The counselor responded on June 3, 2016, stating that he spoke to Director of Nursing Laura LeCrone, who stated that Plaintiff was being treated for his condition per the M.D. Plaintiff then sent the grievance to the ARB. The ARB received the grievance on October 27, 2016 and noted that it was submitted outside the timeframe, and that it was sent without the Grievance Officer's response. There is no evidence of any further action with regard to this grievance.

In Plaintiff's grievance dated May 23, 2016, he complains that the knot has been on his head for almost 3½ months and that Dr. David continues to refuse to treat him. There is no indication that this grievance was ever received by IDOC, and there is no evidence of any further action regarding this grievance.

In his grievance dated May 24, 2016, Plaintiff states that Dr. David continues to refuse to provide treatment and that he is unable to sleep because it is so painful. He claims Dr. David told him it was fat tissue and could be dealt with when he was released in three years. Plaintiff showed his pulmonologist and was told that it was fluid and that he needed a CT scan, but the pulmonologist could not provide treatment for the mass without approval from the prison. Plaintiff relayed to Dr. David what the pulmonologist said, but Dr. David still refused to treat him. The relief requested was to have the knot drained and to have an x-ray done to determine

the cause. Plaintiff sent the grievance directly to the ARB because he had not received responses to his prior grievances. The ARB records indicate the grievance was not received until October 11, 2016. The ARB responded that the grievance was submitted outside the time frame.

Finally, Judge Daly examined a grievance dated June 11, 2016 which Plaintiff filed against Wexford Health for inadequate medical treatment. Plaintiff alleges that he almost died because unprofessional nurses and doctors did not properly evaluate and treat his medical condition. He submitted this grievance directly to the ARB, which was received on October 11, 2016 and denied as submitted out of time.

Following the *Pavey* hearing, Judge Daly issued the R&R currently before the Court, which sets forth the nature of the evidence presented by both sides on the issue of exhaustion, the applicable law, and the requirements of the administrative process. Judge Daly concluded that Plaintiff failed to exhaust his administrative remedies against Defendants Dennison, McGhee, Woods, and Wexford prior to filing this lawsuit.

## **DISCUSSION**

Where timely objections are filed to an R&R, including one on the issue of exhaustion of remedies, this Court must undertake a *de novo* review of the R&R. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available

administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). In that vein, pursuant to the Illinois Administrative Code, grievances **must** contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of or who is otherwise involved in the complaint. ILCS § 504.810(b).

Here, Plaintiff filed general objections to the R&R, reiterating the arguments he made at the *Pavey* hearing and in his previous filings with the Court. He specifically disagrees with Judge Daly's findings as to Defendant Dennison's motion for summary judgment. However, Plaintiff acknowledges that he did not file a grievance regarding the conduct of Defendant Dennison. Thus, Plaintiff failed to properly exhaust his administrative remedies as to Defendant Dennison.

The only grievance that is supported by the record is the May 5, 2016 grievance, which specifically mentions Dr. David and Director of Nursing Lecrone. It is clear from the record that IDOC received this grievance.

There is no record however that the March 28, 2016, April 19, 2016, or May 23, 2016, grievances were received by IDOC staff. Moreover, Judge Daly determined that Plaintiff's testimony regarding these missing grievances lacked specificity and credibility.

For the foregoing reasons, the Court finds Judge Daly's factual findings and rationale to be sound, and adopts her Report and Recommendation (Doc. 69) in its entirety. Accordingly, Defendant Dennison's Motion for Summary Judgment for failure to exhaust administrative remedies (Doc. 51) **is GRANTED**. The Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants McGhee, Woods, LeCrone, David and

Wexford (Doc. 55) is **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's claims against Defendants Dennison, McGhee, Woods and Wexford are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**DATED: August 9, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
