IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY J. FINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-53-SMY |
| | ) |
| ALFONSO DAVID and | ) |
| LORA LECRONE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Billy Finney filed a Complaint under 42 U.S.C. § 1983, claiming his constitutional rights were violated while he was an inmate at the Illinois Department of Corrections' ("IDOC") Shawnee Correctional Center ("Shawnee"). (Doc. 1). As a result of the Court's initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff has proceeded on a claim that Dr. Alfonso David (a doctor at Shawnee) and Lora LeCrone (Director of Nursing at the facility) violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. Defendants David and LeCrone have filed a motion seeking summary judgment. (Doc. 90).

This matter is now before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 100) recommending that Defendants' Motion for Summary Judgment be granted. Plaintiff filed a timely objection (Doc. 103) and Defendants responded (Doc. 104). For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED in part and REJECTED in part**.

## Background

On March 11, 2016, Plaintiff Billy Finney presented to Shawnee's Health Care Unit with

complaints of shortness of breath and chest pain. (Docs. 91-1 at 1, 91-2 at 11). Plaintiff testified that he also complained about headaches and a knot on the back of his head (Doc. 91-2 at 12). According to the medical records, Plaintiff was referred for a chest x-ray. (Doc. 91-1 at 1). On March 15, 2016, Plaintiff was given a chest x-ray which revealed a "dense mass-like opacity in the right upper lung zone." (*Id.* at 97). He was admitted to the infirmary that same day. (*Id*. at 2). Plaintiff's complaint of chest pain (which he reported on March 11, 2016) was the first sign of a condition that was eventually determined to be a fungal *Blastomycosis* infection (Doc. 91-2 at 11).[1]

Dr. David coordinated Plaintiff's extensive care over the following several months, ordering outside referrals for testing and specialist consultations. Most of this care was centered on the life-threatening mass in Plaintiff's lung. On April 18, 2016, Plaintiff underwent testing that revealed the mass was *Blastomycosis.* Upon receiving the results Dr. David prescribed Itraconazole as recommended by an infectious disease specialist. Prior to revelation that the chest mass was a fungal infection, Dr. David had mistakenly diagnosed the knot on Plaintiff's head as a benign fatty growth (lipoma), when in fact the *Blastomycosis* infection had metastasized to his scalp. Plaintiff alleges he told Dr. David the knot was painful (lipomas are generally painless).

Plaintiff filed a grievance in May 2016 regarding Dr. David's alleged refusal to treat the knot and asking to have it drained. LeCrone reviewed Plaintiff's medical records and responded to the grievance counselor's inquiry, noting Plaintiff was being treated for his condition as directed by the doctor.

The possibility that the knot was caused by the fungal infection was raised on June 1, 2016 by infectious disease specialist, Dr. Bobo. After confirming this was the case, Plaintiff underwent

---

[1] An exhaustive account of Plaintiff's subsequent medical care is detailed in the "Findings of Fact" section of Judge Daly's Report (Doc. 100, pp. 1-13). Because no objection has been made to that portion of the Report, the Court adopts those findings of fact and will only summarize the relevant facts herein.

successful surgery to remove this second mass from his scalp and skull. Plaintiff began reporting issues with right extremity weakness, numbness and odd sensations on June 27, 2016. By August 12, 2016, Plaintiff had complained of "missing vision" that he attributed to the surgery on his head, leading to claimed blindness in his right eye. Subsequent testing raised doubt as to whether Plaintiff in fact suffered a loss of vision.

## Discussion

Since Plaintiff filed a timely objection to the Report, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.* Consistent with these standards, the Court has conducted a de no review of those portions of the Report subject to objection.

Plaintiff raises two challenges to Judge Daly's legal conclusions. First, he asserts Judge Daly incorrectly addressed Dr. David's failure to treat the pain itself. (Doc. 103, p. 4). Second, he argues Judge Daly erred in finding that LeCrone was not deliberately indifferent for failing to essentially overrule Dr. David's original diagnosis of the lump as a lipoma. (*Id.*, pp. 5-6).

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Ruffin-*

*Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). Prison officials inflict cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state such a claim, an inmate must allege sufficient facts to show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). A serious medical condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The second element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

### Dr. David

Chronic pain may constitute an objectively serious medical condition. *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) (treating a hernia and chronic pain it caused as separate medical conditions). Delay in treatment that unnecessarily prolongs and exacerbates serious pain may give rise to a claim for deliberate indifference. *Williams v. Liefer*, 491 F.3d 710, 715–16 (7th Cir. 2007).[2]

There is no genuine issue of material fact regarding Dr. David's misdiagnosis of the lump as a lipoma. In that regard, "[a] medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to

---

[2] Plaintiff filed a Motion to Supplement his objection to the Report and Recommendation (Doc. 109), citing a newly decided 7th Circuit case. Because the cited case adds nothing to the Court's analysis in this case, the Motion is DENIED.

demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008). Plaintiff has presented no evidence from which a reasonable jury could find that Dr. David's misdiagnosis of the lipoma was *deliberate* indifference – that he knew Plaintiff had a more serious problem than a lipoma and disregarded the substantial risk of serious harm. Nor has Plaintiff produced evidence that suggests Dr. David's actions were a substantial departure from accepted professional judgment, or that his decision not to actively treat the lump while focusing on the concerning mass in Plaintiff's chest was blatantly inappropriate. At most, the record suggests negligence or malpractice with respect to the misdiagnosis. "Even objective recklessness – failing to act in the face of an unjustifiably high risk that is so obvious that it should be known – is insufficient to make out a claim." *Petties*, 836 F.3d at 728. As such, summary judgment is appropriate Plaintiff's claim that Dr. David was deliberately indifferent as it relates to his misdiagnosis of the knot on Plaintiff's scalp.

That said, a genuine issue of material fact exists regarding whether Dr. David was deliberately indifferent to the pain Plaintiff experienced from the knot. Plaintiff testified that he told Dr. David that he was in pain from the knot several times, and there is no indication that Dr. David prescribed any medication or other treatment to relieve the pain. Whether Dr. David's failure to address and treat Plaintiff's complaint of pain amounts to deliberate indifference is a question for the jury. Therefore, Plaintiff's claim related to untreated pain after March 11, 2016 survives summary judgment.[3]

---

[3] Plaintiff confuses the issues of treatment of pain and misdiagnosis asserting that if Defendants "had addressed the pain caused by Plaintiff's infectious 'lump' they could have prevented the damage done to his skull." (Doc. 103, p. 4). That does not follow. Had Dr. David prescribed ibuprofen when Plaintiff first brought the issue up (and it effectively treated the pain) there would be no colorable claim for deliberate indifference to the pain, but the bacterial infection would have continued to cause damage.

### Nurse LeCrone

Plaintiff objects to Judge Daly's conclusion that that LeCrone was not deliberately indifferent, arguing there is a genuine issue of material fact as to when she learned of Plaintiff's condition, and the fact that lipomas are generally not painful "should have created a question that Defendant LeCrone had a duty to explore." (Doc. 103, p. 5). "[A] medical care system requires nurses to defer to treating physicians' instructions and orders in most situations, [although] that deference may not be blind or unthinking, particularly if it is apparent that the physician's order will likely harm the patient." *Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010). However, the standard for deliberate indifference still applies; that a defendant acted or failed to act despite her knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff has presented no evidence to suggest LeCrone knew of a substantial risk of serious harm to Plaintiff if his lump was not treated. Instead, Plaintiff contends that his complaints *should* have alerted her to the *possibility* that the lipoma diagnosis was wrong and that she should have followed up. Plaintiff's use of the phrase "duty to explore" is telling… this is the language of negligence and negligence will not suffice. Summary judgment is therefore appropriate in favor of LeCrone.

### Disposition

For the foregoing reasons, the Court **ADOPTS IN PART** Judge Daly's Report and Recommendation. (Doc. 100). Accordingly, Defendants' Motion for Summary Judgment (Doc. 90) is **GRANTED** as to Defendant LeCrone and that claim is **DISMISSED** with prejudice. Defendants' Motion is **GRANTED** as to Plaintiff's claim regarding Dr. David's misdiagnosis and failure to treat the scalp/skull condition but **DENIED** as to Plaintiff's claim that Dr. David was deliberately indifferent to his pain associated with that condition. The Clerk of Court is

**DIRECTED** to enter judgment in favor of Defendant LeCrone at the close of this case.

**IT IS SO ORDERED.**

**DATED: March 11, 2020**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**